LOUIS LIND

    VS                                     NO.8564

KRACKE AND FLANDERS CO.
           Appellant.

CHARLES F.CLAIBORNE,Judge.

January 2nd 1923.

1/9/2.3

CHARLES F. CLAIBORNE, Judge.

This is a damage suit resulting from a collision of automobiles.

The plaintiff alleged that his automobile was damaged to the extent of $150 by a truck of the defendants, driven by their Shauffeur, running into it carelessly.

The defendants filed an exception of no cause of action and a general denial, and alleged that the accident was caused by the negligent act of the plaintiff's driver in backing his machine without taking due precautions.

There was judgment overruling the exception of no cause of action, and condemning the defendants to pay to the plaintiff $150.

The defendants have appealed.

In this Court they argue strenuously that their exception of no cause of action should have been maintained and the suit dismissed. It is based in the failure of the ~~defendant's~~ plaintiff to allege that the defendant's chauffeur caused the damage to plaintiff's car while he said chauffeur, in the language of Article C.C.2320, was in the exercise of the functions in which he was employed."

In support of that exception the defendant stoutly asserts three propositions of law :

1st. That in order to hold a master liable for the torts of his servants, it is sacramental that it be both alleged and proved that the servant, at the time of the act was committed, was acting within the scope of his employment."

2nd "That where a petition seeks to hold a master liable

for the tort of his servant,but fails to allege that the servant,
at the time of the negligent act,was acting within the scope
of his employment,it is fatally defective,and should be dis-
missed on an exception of no cause of action."

3rd.     "That no proff is admissible that a servant at the time
of a negligent act was acting within the scope of his employ-
ment,when the petition does not contain an allegation to that
effect,as it is a well settled principle of law that no proof
can be offered of matter not put in issue by the pleadings."

As his authority,he cites nine cases from the Supreme
Court of this State and 31 Cyc.680.-We have industriously
examined all those authorities,but as we have read them,no
one goes further than to state the general principle of law,
that no evidence should be admitted to establish a fact which
should have been,but was not,alleged.

We find that in the solitary case of Rubin vs Bierman
149 N.Y.Supp.483 quoted in Berry ~m~ Autos Sec 1038-1039 P*
968-969 defendant's proposition has obtained.

But on the other hand we find in 26 CYC.1573 note 80
that it has been decided in 43 Atl 940-103 N.Y.App.Div 577
and 93 N.Y.Supp 161,that " evidence that defendant was the
owner of the automobile which ran over plaintiff,and that
the caauffeur operating the automobile was employed by defendant
for that purpose,is sufficient to establish prima facie that
the chauffeur was acting within the scope of his employment
at the time of collision."

" Where a boy was in defendant's employ and had been
sent by him to get goods,during which time the horse he was
driving ran over plaintiff,it will be presumed the boy was
at the time acting in his employment,and the burden of showing
the contrary was on defendant." 7 N.W.222.

"As a general rule where the evidence offered tends
to prove any fact substantially embraced within the allega-
tion,whether expressly or by clear influence,it sould be
admitted 31 Cyc P.682 (d )

273

We prefer to adopt the views expressed in opinions which are more in consonance with our liberal practice.

The presumption is natural that where ever the chauffeur is found driving the automobile of his employer,he is then and there in the course of his employment.The fact that he is not on duty is a negative which the plaintiff is not bound to allege;but it is a defense which must be raised by the defendant 48 A 225.But our Supreme Court in Dotson vs La.Lumber Co. 144 La 78 has decided:

" Although the general rule of law is that a plaintiff who claims damages must allege and prove the facts necessary to establish the negligence of defendant,upon which he predicates his demand,it is equally a well recognized exception to that general rule that where the cause·of the accident by which the damages was inflicted is more properly within the knowledge of defendant,the accident itself makes out a prima facie case,and the burden is upon the latter to show absence of negligence."

But even were the exception of defendant well pleaded for deficiency of allegation,the judge of the trial Court and ourselves,as we have repeatedly decided should only maintain the exception with leave to amend.

The strictness of *technicalities*,which at one time, fortunately past,might have maintained defendant's exceptions, no longer exists.The practice which had obtained in our Courts for many years to admit and consider clandestine exceptions of no cause of action without stating wherein the petition disclosed no cause of action,and which plaintiff discovered only after argument the exception,and to dismiss a suit without giving plaintoff an opportunity to amend his petition to meet the views of the trial judge,did not promote justice nor command respect for the administration of the law.

274

This practice was criticized in the case of Davis vs RRD.117 Ka 320 (324) The Court said:

" The exception of no cause of action in which no specific objections to the petition are set up,and which remits the plaintiff to an ascertainment of what they may be to the trial of the exception,is calculated to work injury,and in many jurisdictions the defendant is required,by express sta- tutes to specify in detail what the objections are,so as to enable the plaintiff an opportunity to remove the same.The exception in this State is some time levelled at the alle- gations of the petition and sometimes it reaches back of the petition to the cause of action itself,but up to this time it has never been exacted that the objections *should be set out specifically* but we should see,that the exception should be made to perform the function properly appertaining to it,and not be allowed to have sub- stituted for it another and be lost,merged and confounded."

And in the same case on page 323 the Court said :

" The tendency of modern practice is to yield as little as possible to technicalities,and to afford *aid* as far as practicable to the filing of amendments which work no injury and prevent useless delays and costs" 144 La 623 - 2 N.S. 627

In the case of Reiman vs Vasques 8 Ct.App.300 this Court said: " An exception of no cause of action is not favored where there is *a mere* failure to state time,place and circumstance."

In the case of Commercial Bank vs Smith 150 La 234 the plaintiff sued upon six notes;the defendant filed an exception of no cause of action based upon the absence of allegation that the plaintiff was the owner or possessor of said notes. Two days after the argument and submission of the exception the plaintiff,without leave of Court,filed a suplemental petition covering the alleged defects.

The trial Court held that the citation on the supple- mental petition was invalid,maintained the exception of no cause of action,and dismissed the suit.

275

The Supreme Court recognized the right of the plaintiff to file the supplemental petition at/that stage of the proceedings, reversed the judgment of the District Court and remended the case for trial.

The Court Said :

" The question of the right to amend a petition *way either* prior to the appearance of the defendant,by reason of exception or answer,appears to be entirely at large,and since the law is silent upon the subject,we know of no reason why plaintiff should not be allowed to amend in any respect that the judge finds that the interests of justice may require,whether it be to supply a cause of action where none has been alleged in the original petition,or otherwise.The law intervenes only after issue is joined,and declares that thenceforward an amendment may be made,"with leave of the Court"provided" it does not alter the substance of the demand by making it different from the one originally brought". and the code of Practice further declares: Art 357.The cause is at issue when the defendant has answered either by confessing or denying the facts set forth in the petition,or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis,pursuant to the provisions of the code !

"The exception of no cause of action is a peremptory exception which may be filed at any time,and its filing does not put the case at issue,and the same is true of the declinatory exceptions C.P.358 ; hence there are few,if any,cases to be found in which applications to amend have ever been denied bacause of the mere filing of an exception of no cause of action and equally few where such applications have been granted when made after the exceptions have been maintained.32 A 395" 34 A 324,35 A 276, .We are therefore of opinion that the supplemental petition was properly allowed."

In the case of Tarver vs Quinn 149 La 368 the Court said

that before issue joined the plaintiff could amend without any leave of the Court; and that , after issue joined,the plaintiff might amend with leave of the Court,provided the amendment did not alter the substance of the demand.

In that case the Court said on page 377: " It will be noted that,if a plaintiff is entitled to make an amendment, and leave to make it is refused,the appellate Court will send the case back with instructions to allow the amendment to be made; and it will be noted also that,even after issue joined, a party is entitled as of right to make all amendments which do not change the issue or alter the substance of the demand."

Ever since the case of Debuys vs Moloere 2 N.S.627 the Court said:"Amendments are reducible to no certain rule; but that each particular case must be left to the sound discretion of the Court;and that the best principle is that an amendment should or should not be permitted to be made as it would best tend to the furtherance of justice." 123 La 887

In Wolf vs N.O.Tailor Made Pants Co.: " Originally the sustaining of a demand demurrer put the plaintiff out of Court;but the practice grew up in Courts of Equity to allow amendments in ceratain conditions.If the conditions were not complied with,the decree became final and conclusive "

In the following cases a judgment maintaining an exception of no cause of action based upon insufficient allegations with leave to amend was affirmed or rendered- 10 Ct. App.43 27 A 715-37 A 418-43 A 223-196 La 586-113 La 388-117 La 320- 123 La 887-138 La 134 .

We therefore come to the conclusion that when ever an exception of no cause of action as filed to a petition on the ground of insufficiency of allegations and the Court maintains the exception,it should not dismiss the suit,but should, at the same time,reserve the right of the plaintiff to file an amendment under such conditions and within such time as the Court may fix.

On the merits, the plaintiff proves his case by the testimony of his wife, who was driving his automobile, and four other witnesses. They prove that the chauffeur who was driving the defendant's truck and who drove into plaintiff's automobile was actually at the time driving defendant's truck loaded with merchandise on the way to defendant's place of business.

The defendant/s did not produce their chauffeur as a witness nor account for his absence, nor produce any testimony or evidence of any kind.

Judgment affirmed.

January 2nd 1923